IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DATA DETECTION SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ATTACHMATE CORPORATION,<br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION and HEWLETT<br>PACKARD COMPANY<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff DATA DETECTION SYSTEMS, LLC ("Plaintiff") files this Original Complaint against Defendants ATTACHMATE CORPORATION ("Attachmate"), INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM"), and HEWLETT PACKARD COMPANY ("HP"), alleging as follows:

**I. THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Texas, with a principal place of business in Frisco, TX.

2. Upon information and belief, Attachmate is a corporation organized and existing under the laws of the State of Washington, with its headquarters at 1500 Dexter Ave. North, Seattle, WA 98109. Attachmate may be served with process by serving its registered agent, Jennifer Marsh located at 1500 Dexter Ave. North, Seattle, WA 98109.

3. Upon information and belief, IBM is a corporation organized and existing under the laws of the State of New York, with its headquarters at 1 New Orchard Road, Armonk, NY 10504-

1

1722.  IBM may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, TX 75201.

4. Upon information and belief, HP is a corporation organized and existing under the laws of the State of Delaware, with its headquarters at 3000 Hanover Street, MS 1050, Palo Alto, CA 94304.  HP may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, TX 75201.

## II.  JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1338(a).  Venue is proper under Title 28 United States Code §§ 1391(b) and (c).

6. Upon information and belief, Defendants each have minimum contacts with the Tyler Division of the Eastern District of Texas such that this venue is a fair and reasonable one. Defendants have each committed such purposeful acts and/or transactions in Texas that they reasonably knew and/or expected that they could be hailed into a court as a future consequence of such activity.  Upon information and belief Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Tyler Division of the Eastern District of Texas. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.  PATENT INFRINGEMENT

7. On July 13, 1993, United States Patent No. 5,228,137 ("the '137 patent") was duly and legally issued for a "Method for Controlling Execution of Host Computer Application Programs through a Second Computer by Establishing Relevant Parameters having Variable Time of Occurrence and Context."  A true and correct copy of the '137 patent is attached hereto as Exhibit "A" and made a part hereof.

8. Plaintiff is the exclusive licensee of all right, title and interest of the '137 patent with all rights to enforce the '137 patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

9. Upon information and belief, each of the Defendants manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale products and/or systems that infringe one or more claims in the '137 patent; and/or each of Defendants induces and/or contributes to the infringement of one or more of the claims in the '137 patent by others.

10. Attachmate has infringed and continues to infringe the '137 patent by its manufacture, use, sale, importation, and/or offer for sale of its systems, applications, and security management software, including but not limited to AppManager.

11. IBM has infringed and continues to infringe the '137 patent by its manufacture, use, sale, importation, and/or offer for sale of its systems, applications, and security management software, including but not limited to Tivoli.

12. HP has infringed and continues to infringe the '137 patent by its manufacture, use, sale, importation, and/or offer for sale of its systems, applications, and security management software, including but not limited to OpenView.

13.     As a result of each of Defendants' infringing conduct, each Defendant has damaged Plaintiff. Defendants are, thus, each liable to Plaintiff in an amount that adequately compensates Plaintiff for each Defendant's infringement, which by law in no event can be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14.     Upon information and belief, Defendant IBM was on notice of the '137 patent and of its infringing conduct at least as early as July 31, 2000, if not earlier, and has knowingly and willfully infringed the '137 patent since the time it received such notice.

15.     As a consequence of each Defendant's infringement, Plaintiff has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court.

16.     Plaintiff, any and all prior owners of the '137 patent, and any and all licensees of the '137 patent have, at all times, complied with 35 U.S.C. § 287.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 5,228,137 have been infringed, either literally and/or under the doctrine of equivalents, by each Defendant and/or by others to whose infringement each Defendant has contributed and/or by others whose infringement has been induced by each Defendant;

b. Judgment that IBM's infringement is willful;

c. Judgment that each Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of each Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by each Defendant's infringing activities and other conduct complained of herein;

e. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f. That each Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,228,137; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 21, 2010

Respectfully submitted,

/s/Erick S. Robinson
State Bar No. 24039142
Jonathan T. Suder
State Bar No. 19463350
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
robinson@fsclaw.com
jts@fsclaw.com

ATTORNEYS FOR PLAINTIFF

m:\data detection systems\netiq-03\pleadings\complaint.doc